IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
NORTHEASTERN DIVISION

|  |  |
|---|---|
| United States of America,<br><br>    Plaintiff,<br><br>vs.<br><br>Sylvester Littlewind,<br><br>    Defendant. | **ORDER ON MOTION IN LIMINE**<br>**RE: EXPERT TESTIMONY**<br><br>Crim. File No. 2:07-cr-116 |

  Before the Court is the defendant's Motion in Limine (Doc. #43) to exclude the expert testimony of Dr. David Jay Mathews, Psy.D., which is intended to be offered by the United States at the trial of Mr. Littlewind (Doc. #30). A May 15, 2008 hearing was held on the matter and the parties submitted supplemental briefs.

  The United States informs the Court that the victim in this case may recant her previous statements. To assist the jurors in understanding why the victim's original statements and trial testimony may differ, the United States intends to call Dr. Mathews, who is currently the Director of Therapy for the Domestic Abuse Project in Minneapolis, Minnesota (Doc. #30-2). The United States filed with its Notice of Expert Witness the curriculum vitae for Dr. Mathews (Doc. #30) and has lodged with the Court Dr. Mathews' description of the information he could offer to the jury as a potential expert witness.

  Mr. Littlewind objects to the admission of the testimony on two bases: First, he argues the United States has failed to show that Dr. Mathews is an expert under Daubert v. Merrell Dow

1

Pharms., Inc., 509 U.S. 579 (1993) and Fed.R.Evid. 702, and second, he is concerned the testimony would allow the United States to impermissibly "back door" prior bad acts testimony.

Under Daubert and Rule 702, "the court serves as gatekeeper to ensure that a witness is 'qualified as an expert by knowledge, skill, experience, training, or education,' that the testimony is 'based upon sufficient facts or data,' and 'is the product of reliable principles and methods,'" which the witness applies reliably to the facts of the case. Shuck v. CNH America, LLC., 498 F.3d 868, 874 (8th Cir. 2007). The Court should consider "'(1) whether the theory or technique can be and has been tested; (2) whether the theory or technique has been subjected to peer review and publication; (3) the known or potential rate of error; and (4) whether the theory has been generally accepted.'" Id. (quoting Peitzmeier v. Hennessy Indus., Inc., 97 F.3d 293, 297 (8th Cir. 1996). The proponent of the expert testimony must show, to a preponderance of the evidence, that the expert is qualified to render his or her opinion and that the underlying methodology is valid. Marmo v. Tyson Fresh Meats, Inc., 457 F.3d 748, 756 (8th Cir. 2006). Doubts as to the usefulness of expert testimony should be resolved in favor of admissibility. Id. at 758.

Dr. Mathews would purportedly testify generally about "the dynamics and patterns of abused women and men who batter" and the victim's "reason/need to protect the abusive partner." (Doc. #30, pp. 1-2). The Court must first consider whether these theories can be and have been tested. Although the Court could surmise that these theories can be tested using case studies, surveys, or even animal research, no such information was provided to the Court. The Court must also consider whether the theories have been subjected to peer review. Dr. Mathews' curriculum vitae reflects numerous publications; however, the Court cannot determine from the

list whether the theories and opinions relevant here have been published and subjected to peer review.  Similarly, Dr. Mathews' written summary does not reference any previous studies conducted by him or other experts in the field.  These same concerns prevent the Court from determining whether these theories are generally accepted.  The "known or potential rate of error" may not be relevant to this type of expert testimony; regardless, the Court has no information on this point.  In sum, although the Court can infer from the curriculum vitae and written summary that certain situations or facts surrounding domestic abuse have been researched, tested, published, and are generally accepted, there is virtually nothing in the record to indicate that the specific opinions that would be expressed at Mr. Littlewind's trial have been subjected to the same scrutiny.  Dr. Mathews may, in fact, be an expert in this area; however, the Court is unable to conclude his opinions are sufficiently supported based on the record before it.

As to the defendant's second concern, the Court notes that were the expert testimony admitted, that testimony would not be permitted as a "back door" to present to the jury evidence of prior bad acts, nor would Dr. Mathews have been permitted to comment on the actual facts of this case or the credibility of any witness.

Because the record is inadequate to show that the opinions expressed by Dr. Mathews have sufficient scientific basis to meet the threshold <u>Daubert</u> standard, the defendant's motion in limine to exclude the testimony of Dr. Mathews is **GRANTED.**

**IT IS SO ORDERED.**

Dated this 10th day of July, 2008.

>  */s/      Ralph R. Erickson*
>  Ralph R. Erickson, District Judge
>  United States District Court