IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
NORTHEASTERN DIVISION

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | **ORDER ON MOTION IN LIMINE** |
| Plaintiff, | ) | **RE: PRIOR BAD ACTS** |
| | ) | |
| vs. | ) | Crim. No. 2:07-cr-116 |
| | ) | |
| Sylvester Littlewind, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Before the Court is a the defendant's Motion in Limine Excluding Prior Bad Acts (Doc. #45). The United States resists the motion (Doc. #48). A hearing was held on the matter on July 28, 2008.

The United States seeks to introduce evidence at trial of four prior bad acts under Rule 404(b), Fed.R.Evid.: 1) a February 13, 2006 assault and battery conviction; 2) a September 22, 2006 domestic abuse and public intoxication; 3) a July 10, 2007 public intoxication conviction; and 4) a August 1, 2007 disobedience of a lawful order conviction. Rule 404(b) states:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

Rule 404(b) is a rule of inclusion; thus, evidence offered for a permissible purpose is presumed admissible. United States v. Henson, 939 F.2d 584, 585 (8th Cir. 1991). In the Eighth Circuit, evidence is admissible under Rule 404(b) if it is 1) relevant to a material issue; 2) proved by a preponderance of the evidence; 3) greater in probative value than prejudicial effect; and 4)

similar in kind and close in time to the charged offense. United States v. Brown, 148 F.3d 1003, 1009 (8th Cir. 1998).

Relevance to a Material Issue:

It appears to the Court that the main point of contention between the parties is whether any of these crimes are relevant to a material issue. The United States argues the acts are relevant to the issue of intent. The defendant disagrees, relying primarily on authority from the Seventh and Tenth Circuits for the proposition that the acts are inadmissible to prove either the specific intent to kill, with respect to the attempted murder charge, or the general intent to act, with respect to the remaining charges.

"Where intent is an element of the crime charged, evidence of other acts tending to establish that element is generally admissible." United States v. Weddell, 890 F.2d 106, 107-08 (8th Cir. 1989). Unlike the Seventh and Tenth Circuits, the Eighth Circuit does not consider general intent to be merely a "formal issue" which is "inferable from the nature of the acts proven." United States v. Gilmore, 730 F.2d 500, 554 (8th Cir. 1984) Compare United States v. Manganellis, 864 F.2d 528, 532 (7th Cir. 1988); United States v. Soundingsides, 820 F.2d 1232 (10th Cir. 1987). Rather, the Eighth Circuit has stated that through a plea of not guilty, "the defendant put[s] the government to its proof on all elements of the charged crime, including intent, knowledge, and identity." Gilmore, 730 F.2d at 554. The Eighth Circuit has consistently rejected the notion that general denial defenses render motive and intent immaterial issues in a case. United States v. Miller, 974 F.2d 953, 960 (8th Cir. 1992). Even if a defendant does not actively dispute motive or intent, the government is not precluded from offering otherwise admissible evidence as to those factors. United States v. Walker, 428 F.3d 1165, 1170 (8th Cir.

2005). Therefore, general intent is an appropriate material issue.

Although the evidence could come in at trial as it pertains to the assault charge, the Court concludes that the specific intent at issue in the attempted murder charge is also an appropriate material issue for otherwise permissible 404(b) evidence. "[W]hen prior acts are admitted for the purpose of showing intent, they need not be duplicates but only sufficiently similar to support an inference of criminal intent." United States v. Thomas, 398 F.3d 1058, 1063 (8th Cir. 2005) (citations and quotations omitted). Evidence of similar acts is generally admissible as proof of specific intent. United States v. Burchinal, 657 F.2d 985, 998 (8th Cir. 1981) (allowing testimony about previous drug smuggling venture as 404(b) evidence to show specific intent to join a drug conspiracy). The Court therefore concludes that the February 13, 2006 assault and battery conviction, September 22, 2006 domestic abuse and public intoxication conviction, and events surrounding the July 10, 2007 public intoxication conviction are relevant to the issue of Littlewind's intent to act in the instant case. The August 1, 2007 disobedience of a lawful order conviction is not relevant.

Proved by a Preponderance of the Evidence:

The United States has proved the first three incidents by a preponderance of the evidence. At the July 28, 2008 hearing, Officer Michael Tollefson testified that on December 22, 2005, he responded to an emergency call from Ms. Eback and found her with black eyes and swelling on her cheek. Mr. Littlewind was intoxicated. Ms. Eback testified that Mr. Littlewind had beaten her, bloodying her nose and bruising her face. Mr. Littlewind was charged with domestic abuse and on Feburary 13, 2006, pled guilty to assault and battery for his actions. Thus, the February 13, 2006 assault and battery conviction was proven.

Ms. Eback testified at the July 28, 2008 hearing that on July 1, 2006, Mr. Littlewind repeatedly hit her and prevented her from leaving his residence.  Ms. Eback yelled to her cousin's daughter to call the police, which was verified at the hearing by her cousin.  Ms. Eback's injuries from this incident included a ruptured eardrum and bruising.  Mr. Littlewind pled guilty to domestic abuse and public intoxication on September 22, 2006.  The Court concludes this conviction was proven by a preponderance of the evidence.

Sharmaine Williams testified at the hearing that on June 27, 2007, she found Mr. Littlewind beating Ms. Eback.  Ms. Williams helped Ms. Eback get away from Mr. Littlewind.  The following day, Ms. Eback informed the police of the incident and showed Officer Littlewind bruising on her chest.  Officer Littlewind verified the complaint and bruising.  On July 10, 2007, Ms. Eback wrote a note that stated Ms. Williams had stabbed Mr. Littlewind.  During the hearing, Ms. Eback denied Ms. Williams had done so.  Her testimony was consistent with that of Ms. Williams and Officer Littlewind.  Mr. Littlewind was initially charged with domestic abuse, but after Ms. Eback's recantation, the charges were reduced to public intoxication.  Mr. Littlewind pled guilty to public intoxication on July 10, 2007.  Despite the plea agreement, and in light of the credible testimony of Ms. Eback, Ms. Williams, and Officer Littlewind, the Court concludes the events surrounding the July 10, 2007 public intoxication conviction were proven by a preponderance of the evidence.

Spirit Lake prosecutor Joseph Vetsch testified that on July 10, 2007, Mr. Littlewind was in court with Ms. Eback, in violation of a "no contact" order.  The Court was not provided a copy of the "no contact" order and its terms were not explained in detail.  Furthermore, Ms. Eback indicated she did not go to the court proceeding with Mr. Littlewind or at his behest.

Although Mr. Littlewind pled guilty to disobedience to a court order on August 1, 2007, the Court cannot conclude on this record that the United States has proved this crime by a preponderance of the evidence.

Greater in Probative Value than Prejudicial Effect

The Court acknowledges that evidence of the previous assaults of Ms. Eback could carry with it some potential prejudice. However, the probative effect of the evidence is great. See United States v. Walker, 428 F.3d 1165, 1170 (8th Cir. 2005) (holding that probative value was increased when both the previous offenses -- terroristic threats – and the instant offense – possession of an unregistered firearm – were associated with the same victim). Here, the first three convictions followed after Mr. Littlewind assaulted Ms. Eback, the same victim in this case. The convictions are evidence of the history of this relationship and help to establish that Mr. Littlewind did, in fact, act with the requisite intent on the date in question. Furthermore, any danger of unfair prejudice is decreased by the use of a limiting instruction to the jurors that informs them the evidence may only be used on the issue of intent. Thomas, 398 F.3d at 1063.

The Court concludes the disobedience to a lawful order conviction, however, has little or no probative value. Other than the involvement of Ms. Eback, that crime does not relate to the charges in the instant case. In fact, the only purpose the Court can discern from the admission of such evidence is to show the defendant's propensity to disobey orders or laws.

Similar in Kind and Close in Time to the Charged Offense:

The first three prior acts are similar in kind and close in time to the charged offense. All took place within two years of the charged offenses. All involved the same victim. All involved severe injuries to that victim. In fact, the only apparent difference between the charged offense

and the prior offenses appears to be the use of a weapon and the severity of the injuries.

## CONCLUSION

The Court concludes that the February 13, 2006 assault and battery conviction, September 22, 2006 domestic abuse and public intoxication, and July 10, 2007 public intoxication conviction are all admissible under Fed.R.Evid. 404(b). Each of these convictions is relevant to the material issue of Mr. Littlewind's intent, was proved by a preponderance of the evidence, has greater probative value than prejudicial effect, and is similar in kind and close in time to the charged offense. The defendant's motion is therefore **DENIED** as to the first three convictions and **GRANTED** as to the "no contact" violation.

A limiting instruction will be given by the Court prior to the evidence's admission at trial. **IT IS SO ORDERED.**

Dated this 19th day of August, 2008.

*/s/        Ralph R. Erickson*
Ralph R. Erickson, District Judge
United States District Court